|   |   |   |
|---|---|---|
| | **UNITED STATES DISTRICT COURT** | |
| | **DISTRICT OF NEVADA** | |

| | |
|---|---|
| Sharae Mayes,<br><br>    Plaintiff<br><br>v.<br><br>Smart & Final Stores, LLC, et al.,<br><br>    Defendants | 2:17-cv-01136-JAD-VCF<br><br>**Order Denying Motions for Temporary Restraining Order and Preliminary Injunction**<br><br>[ECF Nos. 38, 39] |

Sharae Mayes sues Smart & Final Stores, LLC ("S&F")[1] and S&F employees David Hirz, Dave Dutton, Alfredo Orozco, Robert Meagher, Tracy Pogue, and "All Management Staff of Smart and Final, Inc." for employment discrimination based on retaliation, workplace bullying, conspiracy, racial discrimination, racial harassment, and sexual harassment under 42 U.S.C. §§ 1983, 1985, 2000e, and Title VII of the Civil Rights Act of 1964.[2] Mayes unsuccessfully moved for a temporary restraining order and preliminary injunction back in February before this case was transferred here from the Central District of California.[3] Mayes finds no better luck with this transferee court[4] because she still cannot show that she will suffer irreparable harm without this extraordinary remedy.

## Background

Mayes alleges that she has been employed by S&F for over fifteen years and that she currently works for S&F as a senior assistant store manager.[5] Mayes alleges that in January 2014 she informed her supervisory managers that they were not properly removing expired and defective

---

[1] S&F contends that Mayes's naming it "Smart & Final, Inc." was erroneous.

[2] ECF No. 1.

[3] ECF Nos. 2, 13.

[4] ECF Nos. 38, 39.

[5] ECF No. 1 at ¶ 9.

Page 1 of 6

products from the shelves.[6] Mayes alleges that after her supervisors failed to remove the expired and defective products she did so herself, but was directed to put the items back on the shelves.[7] Mayes alleges that beginning in December 2014, Dutton, Orozco, Meagher, and Pogue "began a course of retaliation by labeling [her] as a 'snitch' and 'whistleblower.'"[8]

According to Mayes, she complained to S&F management about the retaliation numerous times, but S&F "failed and refused to terminate" the retaliatory conduct.[9] Mayes alleges that this retaliation included Dutton hiring "his personal friend, defendant [Pogue][,] to become manager in the store where [she] was next in line for the store manager position"[10] and Pogue being "rude" and "bullying" her by "calling [her] by the 'N-word' on numerous occasions" and making it clear that "[Pogue] has a problem with blacks."[11] Mayes also asserts that she was forced to work with Orozco, who "began a course of sexual harassment" that lasted from August 2015 until August 2016 when Mayes took medical leave due to defendants' conduct.[12] Mayes alleges that in further retaliation against her, S&F has refused to pay any of her accrued sick leave[13] and that S&F "has no intention of allowing [her] to remain in its employ" and "has made it clear that it intends to terminate [her] employment as quickly after reinstatement as it possibly can."[14]

Mayes alleges that she is "currently under doctors' care for psychiatric and psychological

---

[6] *Id.* at ¶ 11.

[7] *Id.*

[8] *Id.* at ¶ 12.

[9] *Id.* at ¶¶ 16, 17.

[10] *Id.* at ¶ 12.

[11] *Id.* at ¶¶ 24–27.

[12] *Id.* at ¶¶ 34–39.

[13] *Id.* at ¶¶ 44–45.

[14] *Id.* at 2–3.

stress, mental anguish, and emotional distress" due to defendants' conduct.[15] Mayes seeks a temporary restraining order and preliminary injunction prohibiting defendants from retaliating against her in any manner, including "withholding [her] wages and full benefits to which she is entitled"[16] or terminating her employment.[17]

**Discussion**

**A.    Standards for injunctive relief**

Federal Rule of Civil Procedure 65 governs preliminary injunctions. A preliminary injunction "is an extraordinary remedy never awarded as of right."[18] The purpose of a preliminary injunction is to "preserv[e] the status quo and prevent[] the irreparable loss of rights before judgment."[19] The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held.[20] The legal standard for issuing a temporary restraining order and a preliminary injunction are "substantially identical."[21] A plaintiff seeking a preliminary injunction or temporary restraining order "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[22] Alternatively, a plaintiff can obtain a temporary restraint or injunctive relief in this circuit if she raises "serious questions

---

[15] *Id.* at ¶ 46.

[16] ECF No. 38 at 1.

[17] *Id.* at 2.

[18] *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc) (same).

[19] *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir. 2010).

[20] *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 439 (1974).

[21] *See Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the "analysis is substantially identical for the injunction and the temporary restraining order").

[22] *Winter*, 555 U.S. at 20.

going to the merits" and establishes that "the balance of hardships tips sharply in [her] favor" and "the other two elements of the *Winter* [*v. Natural Res. Def. Council, Inc.*] test are also met."[23] Mayes cannot satisfy either test because she has not demonstrated that she is likely to suffer irreparable harm in the absence of preliminary relief.

**B.     Mayes has not demonstrated irreparable harm.**

For harm to be "irreparable," it cannot be speculative and the impending injury must be imminent.[24] Purely economic harms are generally not irreparable, as money lost may be recovered later, in the ordinary course of litigation"[25] and the plaintiff must demonstrate that "remedies available at law, such as monetary damages are inadequate to compensate" her for the injury.[26] Mayes asserts that she suffered irreparable harm from S&F "cutting-off" her sick pay by her car getting repossessed, her electricity getting turned off, and the "immanent [sic] loss of [her] home before June 1, 2017" she now faces. [27] But none of this constitutes irreparable harm.

First, Mayes's allegations of irreparable harm in her instant motion are largely a rehashing of the same unverified allegations of irreparable harm that she made in her complaint and in her first (unsuccessful) motion for a temporary restraining order and preliminary injunction. The original allegations were rejected because Mayes did not provide any evidence to raise the allegations beyond the speculative level. Mayes has similarly failed to provided any evidence to support her allegations in her instant motion.

Second, in response to Mayes's previously submitted temporary restraining order and preliminary injunction, S&F submitted evidence to contradict her unsupported allegations that S&F

---

[23] *Alliance for the Wild Rockies v. Cottrell*, 632, F.3d 1127, 1131 (9th Cir. 2011).

[24] *See Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d, 668, 674–75 (9th Cir. 1988) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief.").

[25] *Idaho v. Coeur d'Alene Tribe*, 794 F.3d 1039, 1046 (9th Cir. 2015).

[26] *Herb Reed Enters., LLC v. Fla. Entm't Mgmt.*, *Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013).

[27] ECF No. 38-1 at 4.

was withholding sick pay and benefits from her that she was entitled to. S&F submitted a declaration from its Vice President of Associate Relations, Ginny Diaz, who stated that S&F "employees accrue sick leave **while they are working** and can then apply the accrued sick leave when necessary."[28] Diaz also stated, however, that Mayes did not have any accrued sick leave and, therefore, Mayes was not entitled to sick pay while she was out on leave.[29] Similarly, Diaz stated that S&F advised Mayes of the availability of a disability insurance program administered by CIGNA, Mayes enrolled in the program, and CIGNA determined that Mayes did not qualify for disability payments under the program.[30] This evidence undermines Mayes's unsupported allegations that S&F is retaliating against her by withholding benefits from her. It also suggests that S&F kept Mayes abreast of the CIGNA disability benefit program and that CIGNA, and not S&F, rejected Mayes's application for benefits under this program. I therefore reject Mayes's claim that S&F caused her irreparable harm by failing to pay her accrued sick leave pay or by withholding benefits from her.

Finally, none of the injuries Mayes has alleged are imminent. Mayes alleges that her car has already been repossessed and her electricity has already been turned off. Thus, neither of these injuries poses an imminent threat to Mayes. She also asserts that she will lose her home "before" June 1, 2017, if a temporary restraining order or preliminary injunction is not issued. Mayes submitted her motion on May 30, 2017. Thus, if a temporary restraining order or preliminary injunction did not issue by May 31, 2017—the day after she filed her motion—she would lose her home. That date has now passed, so injunctive relief will do nothing for her.

Finally, Mayes's risk of being terminated also does not present a threat of imminent harm. Mayes argued in her previous motion for a temporary restraining order and preliminary injunction in January 2017 that she believed that she would be terminated unless a temporary restraining order or

---

[28] ECF No. 12-2 at 3 (emphasis supplied).

[29] *Id.*

[30] *Id.*

preliminary injunction was issued preventing her termination. S&F responded that it had no plans to terminate Mayes's employment and submitted a declaration from Diaz stating that nothing in Mayes's employment or leave files indicates that she will be terminated or that Mayes was ever warned that she would be terminated.[31] S&F also submitted a letter that it sent to Mayes in January 2017 approving her medical leave of absence, requesting that Mayes engage "in an interactive process" with S&F's HR department if the circumstances of her leave changed, and also requesting that Mayes provide two-days' notice to S&F before returning to work.[32] Mayes submits no evidence to rebut S&F's evidence but instead provides only unsupported allegations that S&F "has made it clear that it intends to terminate [her] employment as quickly after [her] reinstatement as it possibly can."[33] Mayes does not assert any facts to support her basis for this belief. Thus, Mayes has not shown that she is at risk of irreparable harm or that injunctive relief would aid her in any way.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Mayes's motions for a temporary restraining order and preliminary injunction **[ECF Nos. 38, 39] are DENIED**.

DATED June 6, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[31] ECF No. 12-2 at 3.

[32] *Id.* at 4.

[33] ECF No. 38-2 at 3.